UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

THOMAS DUNCAN,                        )
                                      )
                  Petitioner,         )
                                      )
        v.                            )        No. 1:16-cv-01390-JMS-TAB
                                      )
UNITED STATES OF AMERICA,             )
                                      )
                  Respondent.         )

### Order Denying Motion for Relief Pursuant to 28 U.S.C. § 2255 and Denying Certificate of Appealability

Petitioner Thomas Duncan seeks relief from his conviction and sentence pursuant to 28 U.S.C. § 2255 arguing that his trial counsel was ineffective and that his sentence is improper in light of recent Supreme Court caselaw. For the reasons explained in this Order, Duncan's motion for relief must be **denied** and the action dismissed with prejudice. In addition, the Court finds that a certificate of appealability should not issue.

### I. The § 2255 Motion

A motion pursuant to 28 U.S.C. § 2255 is the presumptive means by which a federal prisoner can challenge his conviction or sentence. *See Davis v. United States*, 417 U.S. 333, 343 (1974). A court may grant relief from a federal conviction or sentence pursuant to § 2255 "upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). The scope of relief available under § 2255 is narrow, limited to "an error of law that is jurisdictional, constitutional, or constitutes a fundamental defect which inherently results in a complete miscarriage of justice." *Borre v. United States*, 940 F.2d 215, 217 (7th Cir. 1991) (internal citations omitted).

## II. Factual and Procedural Background

On September 23, 2014, IMPD officers responded to a domestic disturbance at a residence. *United States v. Duncan*, 1:15-cr-0009-JMS-DKL-1 ("Crim. Dkt.") 44 ¶ 9. Duncan fled and was apprehended several blocks away. *Id*. The victim advised the officers that prior to their arrival, she and Duncan had gotten into an argument and he had a gun in his hand and threatened to kill her. *Id*. The officers executed a search warrant at the residence where they located an Iver Johnson .380 caliber, semi-automatic pistol and a Mossberg, 12 gauge, pump shotgun, model 500. *Id*. On January 21, 2015, Duncan was charged in a two-count Indictment for being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(e). Crim. Dkt. 12. Specifically, he was charged in Count One of possessing an Iver Johnson, .380 caliber, semi-automatic pistol, and Count Two of possessing a Mossberg Model 500A, 12-gauge shotgun. *Id*.

On February 10, 2015, Duncan filed a Petition to Enter a Plea of Guilty. Crim. Dkt. 27. On February 17, 2015, a plea agreement was filed pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C). Crim. Dkt. 44. The next day, a plea hearing was held where Duncan pleaded guilty to Count 1 of the Indictment and agreed to a sentence of 15 years' imprisonment. Crim. Dkt. 33. The Court accepted the plea and adjudged Duncan guilty. *Id*.

On May 28, 2015, an amended plea agreement was filed, and a new plea hearing and sentencing was held. *Id*. at 44, 45. The amended plea agreement was filed pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B) and the parties agreed that Duncan would plead guilty to Count 1 of the Indictment and that the final determination of his sentence, including the advisory sentencing guideline range, would be made by the Court. *Id*. Dkt. 44. The government agreed to request a sentence at the low end of the guideline range and Duncan was free to ask for any sentence. *Id*.

Duncan was found to have a total offense level of 30 and a criminal history category of VI with a Guideline range of imprisonment of 180 to 210 months. *Id.* PSR ¶ 67. Duncan's prior criminal history consisted of six Indiana burglaries and thus, he was found to be an armed career criminal and subject to an enhanced sentence under 18 U.S.C. § 924(e) (the "ACCA"). *Id.* ¶¶ 33, 34, 36, 37, 38, 40. Duncan was sentenced to 144 months in prison to be followed by four years of supervised release. Crim. Dkt. 46.

Duncan now seeks relief pursuant to 28 U.S.C. § 2255. Duncan filed his motion for relief on June 6, 2016. On July 15, 2016, he filed an amended motion for relief. Because he was presenting a claim based on the Supreme Court decision in *Johnson v. United States*, 135 S.Ct. 2551 (2015), the Court appointed the Indiana Federal Community Defender to represent him, dkt. 4, and counsel later withdrew. Dkt. 11. Duncan was then directed to either voluntarily dismiss his motion for file a further brief in support. Dkt. 14. He filed a supplemental motion and the United States was directed to respond to it. Dkt. 16. After the United States filed a response, it was directed to supplement its response. Dkt. 36. Duncan has replied and his motion is now ripe for ruling.

### III. Discussion

Duncan seeks relief pursuant to § 2255 arguing that his counsel was ineffective and that, based on the Supreme Court's decisions in *Johnson v. United States*, 135 S. Ct. 2551 (2015), and *Mathis v. United States*, 136 S. Ct. 2243 (2016), he should not have been sentenced under the ACCA. In reply, he withdraws his arguments that his counsel was ineffective. He also adds an argument under the First Step Act of 2018 and asks that the Court consider his personal accomplishments while incarcerated.

A. *Johnson* and *Mathis*

Duncan argues that the enhancement of his sentence under the ACCA is improper under the Supreme Court decisions in *Johnson* and *Mathis*.

The Supreme Court in *Johnson* considered the constitutionality of a sentencing enhancement under the ACCA based on a previous conviction "for a violent felony or a serious drug offense." More specifically, *Johnson* considered § 924(e)(2)(B), which defines the term "violent felony" as any of four specifically enumerated crimes or any other crime that "otherwise involves conduct that presents a serious potential risk of physical injury to another." The Supreme Court found the above-quoted portion of § 924(e)(2)(B)—commonly known as its "residual clause"—unconstitutionally vague, meaning that it "fails to give ordinary people fair notice of the conduct it punishes." *Johnson*, 135 S. Ct. at 2556. Therefore, the Court held that imposing a § 924(e) sentence enhancement for an offense that could be defined as a "crime of violence" only through the residual clause violates a defendant's due process rights. *Id.* at 2564.

Duncan argues that, under *Johnson*, his convictions for Class B and Class C burglary under Indiana law no longer qualify as crimes of violence sufficient to enhance his sentence under the ACCA. But the Seventh Circuit has held otherwise. In *United States v. Perry*, the Seventh Circuit held that "Indiana burglary convictions [a]re valid predicate offenses under § 924(e)(2)(B)(ii)." 862 F.3d 620, 624 (7th Cir. 2017) (regarding Class C burglary). Shortly thereafter, in *United States v. Foster*, the Seventh Circuit held that *Perry* covers both Indiana Class C and Indiana Class B burglary. 877 F.3d 343 (7th Cir. 2017). In other words, Indiana burglary is one of the enumerated crimes under § 924(e)(2)(B) and does not depend on the now-invalid residual clause to qualify for a sentence enhancement under the ACCA.[1]

---

[1] In reply, Duncan also relies on *Sessions v. Dimaya*, 138 S. Ct. 1204 (2018) and *United States v. Davis*, in which the Supreme Court has recently granted a writ of certiori. But *Dimaya* invalidated the residual

Duncan also argues that his sentence enhancement based on his Indiana burglaries is invalid under *Mathis*. In *Mathis*, the Supreme Court held that "[a] crime counts as 'burglary' under the [ACCA] if its elements are the same as, or narrower than, those of the generic offense. But if the crime of conviction covers any more conduct than the generic offense, then it is not an ACCA 'burglary'—even if the defendant's actual conduct (i.e., the facts of the crime) fits within the generic offense's boundaries." *Mathis*, 136 S. Ct. at 2248. But the Seventh Circuit held in *Perry* that Indiana burglary does not sweep more broadly than the generic definition of burglary and therefore does qualify as a predicate offense under the ACCA in light of *Mathis*. *Perry*, 862 F.3d at 624.

Duncan has thus failed to show that the enhancement of his sentence under the ACCA based on his prior burglary convictions was improper.

B. *First Step Act*

In reply Duncan seeks relief under the First Step Act of 2018.[2] Mr. Duncan contends that this law provides that first time offenders under § 924 should not be subject to "stacked" charges. He concludes therefore that he should not have been charged in Counts 1 and 2 of the Indictment because both Counts involved the same events. The section of the First Step Act to which Duncan refers amends § 924(c)(1)(c) to make clear that an enhanced mandatory minimum sentence for using or carrying a firearm during or in relation to a crime of violence must be based on prior convictions that were final before the time of the new offense. FIRST STEP ACT OF 2018, PL

---

clause of 18 U.S.C. § 16(b), 138 S. Ct. at 1223, and in *Davis* the Court is considering the definition of "crime of violence" in § 924(c)(3)(B). Neither case is applicable to Duncan's conviction under § 924(e).

[2] While the proper method to seek relief under the First Step Act is through a motion in the underlying criminal case, not a § 2255 motion, Mr. Duncan's claims can be disposed of here.

115-391, December 21, 2018, 132 Stat 5194. This section of the First Step Act does not amend § 924(e) and therefore does not apply to Duncan's conviction.

## IV. Conclusion and Certificate of Appealability

For the reasons explained above, Thomas Duncan is not entitled to relief on his § 2255 motion. His sentence is not unconstitutional.[3] Accordingly, his motion for relief pursuant to § 2255 is **denied** and this action is dismissed with prejudice. Judgment consistent with this Entry shall now issue and **a copy of this Entry shall be docketed in No. 1:15-cr-0009-JMS-DKL-1**. The motions to vacate shall also be **terminated** in the underlying criminal action.

Pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the Rules Governing § 2255 proceedings, and 28 U.S.C. § 2253(c), the Court finds that Duncan has failed to show that reasonable jurists would find "it debatable whether the petition states a valid claim of the denial of a constitutional right" and "debatable whether [this court] was correct in its procedural ruling." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000). The Court therefore **denies** a certificate of appealability.

**IT IS SO ORDERED.**

Date: 6/5/2019

Hon. Jane Magnus-Stinson, Chief Judge
United States District Court
Southern District of Indiana

---

[3] To the extent that Duncan can be understood to request in his reply resentencing based on his accomplishments since he has been incarcerated, this is not a contention that his sentence is unlawful and therefore is not a proper subject of a § 2255 motion.

Distribution:

THOMAS DUNCAN
12573-028
MCCREARY - USP
MCCREARY U.S. PENITENTIARY
Inmate Mail/Parcels
P.O. BOX 3000
PINE KNOT, KY 42635

All Electronically Registered Counsel